**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000332
25-MAY-2022
08:33 AM
Dkt. 54 SO**

NO. CAAP-21-0000332

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ADRIANNA DAWN YAKE, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
SOUTH KOHALA DIVISION
(CASE NO. 3DTC-20-072552)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Adrianna Dawn Yake appeals from the District Court of the Third Circuit's May 11, 2021 "Judgment and Notice of Entry of Judgment"[1] convicting Yake of Excessive Speeding, pursuant to Hawaii Revised Statutes (HRS) § 291C-105(a)(2) (2020).[2] On appeal, Yake challenges the admission of Hawaiʻi County Police Department Officer Kimo Keliʻipaʻakaua's (**Officer Keliʻipaʻakaua**) speed-reading testimony for lack of foundation. Specifically, Yake contends that "[t]here is nothing in the record to suggest that his training was in accordance with [the manufacturer's] requirements."

---

[1] The Honorable Jeffrey A. Hawk presiding.

[2] HRS § 291C-105(a)(2) provides that "[n]o person shall drive a motor vehicle at a speed exceeding . . . [e]ighty miles per hour or more irrespective of the applicable state or county speed limit."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Yake's appeal as follows, and affirm.

As an initial matter, however, Yake fails to cite in her point of error where in the record a specific objection to the speed-reading testimony was made. Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4) (requiring that each point shall state "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court" and that "[p]oints not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented"); see also State v. Long, 98 Hawaiʻi 348, 353, 48 P.3d 595, 600 (2002) (affirming that "a 'lack of foundation' objection generally is insufficient to preserve foundational issues for appeal because such an objection does not advise the trial court of the problems with the foundation").

Even if Yake did not waive this issue, the State adduced sufficient evidence to establish that Officer Keliʻipaʻakaua's training was in accordance with the manufacturer's requirements. As one of the two prongs necessary to lay foundation for the admission of a radar speed measurement, the State must demonstrate the "nature and extent of an officer's training in the operation of the laser gun meets the requirements indicated by the manufacturer." State v. Amiral, 132 Hawaiʻi 170, 178, 319 P.3d 1178, 1186 (2014) (citation and internal quotation marks omitted).

Here, Officer Keliʻipaʻakaua testified that: (1) his radar came with a manual, and the manufacturer's name, Applied Concepts, was on the manual, (2) in his recruit class, he received three days (24 hours) of training with Sergeant Christopher Gali on the doppler-based radar where he learned the overall principles of the doppler and how it measures speed, he was given practical experience using the radar, and he passed a written test, (3) in December 2015, he received two days of training with Applied Concepts from a certified instructor to become an instructor himself, (4) in 2018, he participated in another instructor course provided by Applied Concepts, (5) to use the device, Applied Concepts requires reading and following the manual, (6) the manual he received and used during training was specific to the Stalker DSR 2X, which was the model he used to measure the speed of Yake's car, (7) he thoroughly read the manual and could summarize the manual, (8) the training he received from Applied Concepts corresponded with the contents of the manual, (9) he passed the tests given and became an instructor, and (10) he was trained to National Highway Traffic Safety Association standards.

The District Court found Officer Keliʻipaʻakaua's testimony credible, and we hold that Officer Keliʻipaʻakaua's testimony was sufficient to establish that he was qualified to operate his speed-reading device. See State v. Geis, 147 Hawaiʻi 625, 465 P.3d 1072, CAAP-18-0000480, 2020 WL 3317780, at *1 (App. June 18, 2020) (SDO) (holding that similar evidence by the

"State established that Officer [Keliʻipaʻakaua] was qualified to operate his Stalker DSR 2X radar").

Based on the foregoing, we affirm the District Court's May 11, 2021 "Judgment and Notice of Entry of Judgment."

DATED:  Honolulu, Hawaiʻi, May 25, 2022.

| | |
|---|---|
| On the briefs: | /s/ Lisa M. Ginoza<br>Chief Judge |
| Aubrey M.M. Bento,<br>Deputy Public Defender,<br>for Defendant-Appellant. | /s/ Clyde J. Wadsworth<br>Associate Judge |
| Stephen L. Frye,<br>Deputy Prosecuting Attorney,<br>County of Hawaiʻi,<br>for Plaintiff-Appellee. | /s/ Sonja M.P. McCullen<br>Associate Judge |